UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

AURELIO R. BIDINOST,

                Petitioner,

    v.                                            9:14-CV-1080
                                                        (DNH)

SARATOGA COUNTY COURT,
JOHN COLVIN,

                Respondents.

---

APPEARANCES:                            OF COUNSEL:

AURELIO R. BIDINOST
12-A-5116
Petitioner, pro se
Mid-State Correctional Facility
P.O. Box 2500
Marcy, NY 13403

DAVID N. HURD
United States District Judge

## DECISION and ORDER

      Petitioner Aurelio R. Bidinost filed an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. No. 16, Amended Petition ("Am. Pet."). He is confined at Mid-State Correctional Facility, and was granted in forma pauperis status on September 29, 2014. Dkt. No. 7, Decision and Order.

      Petitioner challenges a 2012 judgment of conviction in Saratoga County Supreme Court, upon his guilty plea, of driving while ability impaired and other, related charges. Am. Pet. at 2. He states that two special informations also charged him with having prior convictions for driving while ability impaired on February 21, 2003, and second degree

assault on June 23, 2000. *Id.* at 1, 2. The special informations were used to adjudicate petitioner as a "predicate felon." *Id.* at 2. He did not appeal his conviction. *Id.* at 3.

On March 4, 2013, petitioner filed a motion to vacate his conviction and sentence pursuant to New York Criminal Procedure Law ("CPL") §§ 440.30(5) and 440.20. Am. Pet. at 4. The motion was denied on June 4, 2013, and the Appellate Division denied leave to appeal on August 15, 2013. *Id.* at 4-5; *People v. Bidinost*, No. 82266(U), 2013 WL 4226889 (3d Dept. Aug. 15, 2013). On December 5, 2013, the New York Court of Appeals dismissed petitioner's request for leave to appeal further. Am. Pet. at 5; *Bidinost*, 22 N.Y.3d 1038 (2013).

Liberally construing the petition, petitioner claims that the trial court improperly relied upon the special informations submitted by the People to sentence petitioner as a "violent predicate felony offender" without giving petitioner notice and a hearing. Pet. at 5. For a more complete statement of petitioner's claim, reference is made to the petition.

Based upon an initial review, respondent must answer the petition.

Finally, in his original petition, petitioner named the Saratoga County Court as respondent. Dkt. No. 1, Petition at 2. In his amended petition, petitioner names the proper respondent, John Colvin, the Superintendent of Mid-State Correctional Facility. *See* Rule 2 (a) of the Rules Governing Section 2254 Cases in the United States District Courts ("If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody."). The Clerk is directed to terminate the Saratoga County Court as a respondent.

Therefore, it is

ORDERED that

1. The Clerk terminate Saratoga County Court as a respondent;

2. The Clerk serve a copy of this Decision and Order upon petitioner in accordance with the Local Rules;

3. The Clerk serve copies of this Decision and Order, and the amended petition upon respondent and the Attorney General of the State of New York in accordance with General Order #10;

4. The respondent shall file and serve an answer to the amended petition, and provide the court with the relevant state court records,[1] within ninety (90) days of the date of this Decision and Order;

5. Upon the filing of respondent's answer, the Clerk shall forward the entire file in this matter to the court for further review; and

6. The parties shall file all pleadings, motions or other documents relating to this action with the Clerk of the United States District Court, Northern District of New York, James Hanley U.S. Courthouse & Federal Building, 7th Floor, 100 South Clinton Street, Syracuse, New York 13261-7367.  The parties must accompany any document filed with the court with a certificate setting forth the date on which they mailed a true and correct copy of the same to all opposing parties or their counsel.  The court will strike any filing that does not include a proper certificate of service.  Petitioner must comply with any requests by the

---

[1] The records must be arranged in chronological order, sequentially numbered, and conform fully with the requirements of Local Rule 72.4.  Respondent is reminded that if memoranda contain citations to decisions exclusively reported on computerized databases, e.g. Westlaw, Lexis, copies of those decisions shall be mailed to a pro se petitioner, but no longer need to be filed with the court. N.D.N.Y. L.R. 7.1 (a)(1).

Clerk's Office for any documents that are necessary to maintain this action. Petitioner must also promptly notify the Clerk's Office and all parties or their counsel of any change in his address; his failure to do so will result in the dismissal of this action.

This case will not be referred to a Magistrate Judge pursuant to Local Rule 72.3 (c). General Order No. 32. Therefore, all motions are to be made returnable before the undersigned on any business day with proper allowance for notice as required by the Local Rules. All parties must comply with Rule 7.1 of the Northern District of New York in the filing of motions. All motions will be decided on papers with no appearances and without oral argument unless otherwise ordered by this court.

IT IS SO ORDERED.

_____
United States District Judge

Dated: October 27, 2014
         Utica, New York.