UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

AURELIO R. BIDINOST,

                Petitioner,

v.                                         9:14-CV-1080
                                                (DNH)

JOHN COLVIN,

                Respondent.

---

APPEARANCES:                                   OF COUNSEL:

AURELIO R. BIDINOST
12-A-5116
Petitioner, pro se
Mid-State Correctional Facility
P.O. Box 2500
Marcy, NY 13403

HON. ERIC T. SCHNEIDERMAN           ALYSON J. GILL, ESQ.
New York State Attorney General            Ass't Attorney General
Attorneys for Respondent
120 Broadway
New York, New York 10271

DAVID N. HURD
United States District Judge

**DECISION and ORDER**

**I. INTRODUCTION**

     Petitioner Aurelio R. Bidinost ("Bidinost" or "petitioner") has filed an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, a supporting affirmation, and several exhibits. Dkt. No. 16, Amended Petition ("Am. Pet."). Petitioner argues that the trial court improperly relied upon a 2000 conviction to sentence him as a "violent predicate felony offender" without proper notice or a hearing. Am. Pet. at 4-5.

Respondent John Colvin ("respondent") filed an answer, memorandum of law, and state court records. Dkt. No. 22, Respondent's Memorandum of Law in Opposition to the Petition for a Writ of Habeas Corpus ("R. Mem."); Dkt. No. 23, Answer; Dkt. No. 24, State Court Records ("SR").

Bidinost filed a reply and accompanying memorandum of law. Dkt. No. 32, Affirmation in Opposition to Respondent's Answer & Memorandum of Law ("Reply"); Memorandum of Law in Opposition to Respondent's Answer ("Mem.").[1]

For the reasons that follow, the petition is denied and dismissed.

## II. **RELEVANT BACKGROUND**

On July 13, 2012, Bidinost pleaded guilty in the Saratoga County Court to second degree assault (N.Y. Penal Law § 120.05(4)) and second degree vehicular assault (N.Y. Penal Law § 120.03(1)). Dkt. No. 24 at SR 2, Plea and Sentencing Transcript, Nov. 5, 2012.

Sentencing was adjourned until October 5, 2012, and on that date the court and the parties "realized that the agreed upon plea and sentence agreement was statutorily unauthorized." Dkt. No. 24 at SR 2. The court had also learned that petitioner "violated the terms of his Parker[2] admonishment by being arrested on a new charge" of reckless endangerment. *Id.*

The parties re-negotiated the plea and sentencing agreement, including a disposition of the new reckless endangerment charge. Dkt. No. 24 at SR 2. Under the new terms,

---

[1] The cited page numbers for the amended petition, reply, and memorandum of law refer to those generated by the Court's electronic filing system.

[2] *People v. Parker*, 57 N.Y.2d 136, 141 (1982) (requiring that defendants must be informed of the right to be present at trial and the consequences of failing to appear).

2

Bidinost would be sentenced to serve one and one-half to three years in prison for vehicular assault and a concurrent term of five years in prison followed by five years post-release supervision for second degree assault. *Id.* at SR 2-3. The prosecutor explained that petitioner executed a new waiver of appeal in anticipation of that agreed upon sentence. *Id.* at SR 2-3. Petitioner also agreed to plead guilty to attempted reckless endangerment (N.Y. Penal Law §§ 110.00/120.25) in exchange for a concurrent sentence of one and one-half to three years. *Id.* at SR3. The prosecutor also filed a Special Information alleging that on June 23, 2000, petitioner was convicted in Schenectady County Court of second degree assault. *Id.* at SR 10.

Bidinost confirmed that he understood the terms of the new plea agreement, waived his right to be prosecuted by indictment on the attempted reckless endangerment charge, and agreed to be prosecuted for that charge by prosecutor information. *Id.* at SR 4-5. Petitioner also waived his rights to a trial, against self-incrimination, and to appeal. *Id.* at SR 6-8. Petitioner confirmed that he had spoken to his attorney, who explained to him what the waiver of appeal meant, and that he understood its consequences. *Id.* at SR 8. Petitioner also told the court he understood he could not be forced to plead guilty, that it was his decision, and he was not under the effects of any drugs, medication, or illness that would make it difficult to understand the proceedings. *Id.* at SR 8-9.

Bidinost then admitted that on September 25, 2012, he attempted, under circumstances evincing a depraved indifference to human life, to recklessly engage in conduct which created a grave risk of death to a police officer. Dkt. No. 24 at SR 10. Petitioner also admitted that he was the same person who was convicted of the June 2000

3

charge of second degree assault alleged in the Special Information.  *Id.*  When the court asked counsel if he intended to contest anything in the Special Information, counsel replied, "No, Judge, that's accurate."  *Id.*  The court then imposed the agreed-upon sentence.  *Id.* at SR 13-14.

Bidinost did not appeal.  In papers dated March 4, 2013, petitioner moved to vacate his sentence pursuant to New York Criminal Procedure Law ("CPL") § 440.20.  Dkt. No. 24 at SR 16-17, Notice of Motion to Vacate Judgment; SR 18-20, Affidavit in Support of Motion to Set Aside Sentence.  Petitioner argued that:  (1) the trial court failed to comply with the provisions of CPL § 400.21, which required the court to provide him with an opportunity to contest the 2000 assault conviction; and (2) he was improperly sentenced as a second violent felony offender because the 2000 assault conviction occurred more than ten years prior to the current offenses and should not have been used to enhance his sentence.  *Id.* at SR 18-20.  The People opposed the motion.  *Id.* at SR 23-27, Affirmation in Opposition to CPL § 440.20.

On June 4, 2013, the trial court denied the motion.  Dkt. No. 24 at SR 28-29, Decision and Order, Scarano, J.  The court explained that Bidinost was properly sentenced as a second violent felony offender because he was "incarcerated on numerous occasions between the commission of his previous violent felony in 2000 and his present violent felony," and those periods of time "are excluded from calculation of the relevant 10 year period."  *Id.* at SR 29.

On August 15, 2013, the Appellate Division, Third Department, denied leave to appeal.  *Id.* at SR 61, Order, Rose, J.  Although it is not entirely clear based on the record,

Bidinost may have requested leave to appeal a second time, by letter received by the Appellate Division on June 26, 2013. *Id.* at SR 63. That application was also denied on October 2, 2013. *Id.* at SR 62, Order, Rose, J. Petitioner's application for leave to appeal further to the New York Court of Appeals was dismissed on December 5, 2013. *People v. Bidinost*, 22 N.Y.3d 1038 (2013).

This action followed.

## III. DISCUSSION

### A. Timeliness

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year statute of limitations for prisoners to seek federal review of their state court criminal convictions. 28 U.S.C. § 2244(d)(1). The one-year period generally begins to run from the date on which the state criminal conviction became final by the conclusion of direct review or by the expiration of the time to seek direct review. 28 U.S.C. § 2244(d)(1)(A);[3] *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 652-53 & n. 9 (2012).

For purposes of section 2244(d)(1)(A), a state conviction becomes "final" when the United States Supreme Court denies an application for a writ of certiorari or when the time to seek certiorari has expired, which is ninety days after the date on which the highest court in the state has completed direct review of the case. *Thaler*, 132 S. Ct. at 653; *Saunders v. Senkowski*, 587 F.3d 543, 548-49 (2d Cir. 2009).

---

[3] Other dates from which the limitations period may start running are the date on which an unconstitutional, state-created impediment to filing a habeas petition is removed, the date on which the constitutional right on which the petitioner bases his habeas application was initially recognized by the Supreme Court, if the right was newly recognized and made retroactively applicable, or the date on which the factual predicate for the claim or claims presented could have been discovered through the exercise of due diligence (newly discovered evidence). 28 U.S.C. § 2244(d)(1)(B)-(D). None of the bases for a later date upon which the statute of limitations could have begun to run apply in this case.

5

In this case, Bidinost was sentenced on November 5, 2012 and did not appeal. His conviction therefore became "final" for purposes of the AEDPA on December 5, 2012, when the thirty days in which he could have sought appellate review of his conviction in state court expired. *See Bethea v. Girdich*, 293 F.3d 577, 578 (2d Cir. 2002) (per curiam) (the one-year statute of limitations began to run when the petitioner's time for filing a notice of appeal from the judgment of conviction expired); *Vaughan v. Lape*, No. 9:05-CV-1323, 2007 WL 2042471, *4 (N.D.N.Y. July 12, 2007) ("In New York, a defendant has thirty days after the 'imposition of the sentence' to notify the court that he will appeal. N.Y. C.P.L. § 460.10(1)(a)."). Therefore, petitioner had until December 5, 2013 to file a timely federal habeas petition. Accordingly, his petition, signed on September 1, 2014, is untimely.

**1. Statutory Tolling**

However, the one-year limitation period under AEDPA is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *Saunders*, 587 F.3d at 548. The tolling provision "excludes time during which properly filed state relief applications are pending, but does not reset the date from which the one-year statute of limitations begins to run." *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (per curiam). The tolling provision excludes from the limitations period only the time that the state relief application remained undecided, including the time during which an appeal from the denial of the application was taken. *Saunders*, 587 F.3d at 548; *Smith*, 208 F.2d at 16.

Here, Bidinost filed his CPL § 440.20 motion to set aside his sentence on March 4, 2013. Dkt. No. 24 at SR 16-20. At that point, 89 days of the one-year statute of limitations

6

expired, leaving 276 days remaining. The statute of limitations was tolled from March 4, 2013 until October 2, 2013, when the Appellate Division denied leave to appeal. Dkt. No. 24 at SR 16-20; SR 62;[4] *Smith,* 208 F.3d at 16. The limitations period began to run again on October 3, 2013, and expired 276 days later, on July 7, 2014.[5] However, as noted above, petitioner signed his petition on September 1, 2014. Accordingly, petitioner's filing is untimely even with the benefit of tolling.

### 2. Equitable tolling

Alternatively, AEDPA's one-year statute of limitations period "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). To warrant equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Diaz v. Kelly*, 515 F.3d 149, 153 (2d Cir. 2008).

The standard for evaluating a claim of extraordinary circumstances is one that focuses not on "the uniqueness of a party's circumstances," but instead on "the severity of the obstacle impeding compliance with a limitations period." *Harper v. Ercole*, 648 F.3d 132, 137 (2d Cir. 2011); *see Rivas v. Fischer*, 687 F.3d 514, 538 (2d Cir. 2012) (whether a

---

[4] As noted, Bidinost apparently filed an application in the New York Court of Appeals for leave to appeal from the Appellate Division's October 2, 2013 decision. Dkt. No. 24 at SR 62, 63. His application was denied on December 5, 2013. *Bidinost*, 22 N.Y.3d 1039. But the time this application was pending is not tolled because the relief sought is not recognized in New York. CPL § 450.90(1); *see Bennett v. Artuz,* 199 F.3d 116, 120 (2d Cir.1999), *aff'd*, 531 U.S. 2 (2002) ("a state-court petition is 'pending' from the time it is first filed until finally disposed of and further appellate review is unavailable under the particular state's procedures."); *Walker v. Graham*, 955 F. Supp. 2d 92, 101-102 (E.D.N.Y. 2013) ("the limitation period was not tolled during the pendency of Walker's motion for leave to appeal to the Court of Appeals the Appellate Division's denial of leave to appeal the 440 Motion, because no such appeals are permitted under New York law.").

[5] July 6, 2014 was a Sunday. Fed. R. Civ. P. 6(a)(1)(C).

7

circumstance is extraordinary depends on "how severe an obstacle it is for the petitioner endeavoring to comply with the AEDPA's limitations period.") (quoting *Diaz*, 515 F.3d at 154).

A petitioner must show not only that extraordinary circumstances existed, but that those circumstances "caused him to miss the original filing deadline." *Harper*, 648 F.3d at 137. Claims of extraordinary circumstances must be supported with evidence and not merely with conclusory allegations. *Reid v. Atty Gen., State of New York*, No. 9:04-CV-0178 (TJM/RFT), 2008 WL 3049870 at *6 (N.D.N.Y. Aug. 1, 2008).

Additionally, a petitioner must have acted with "reasonable diligence throughout the period he seeks to toll[.]" *Harper*, 648 F.3d at 138 (quoting *Belot v. Burge*, 490 F.3d 201, 205 (2d Cir. 2007)). If a petitioner did not exercise reasonable diligence after the extraordinary circumstance began, "the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." *Baldayaque v. United States*, 338 F.3d 145, 150 (2d Cir. 2003) (quoting *Hizbullahankhamon v. Walker*, 255 F.3d 65, 75 (2d Cir. 2001)); *Mason v. Pool*, 554 F. Supp. 2d 391, 397-98 (W.D.N.Y. 2008).

Liberally construing his reply and memorandum, Bidinost claims that his petition is untimely because trial counsel was ineffective for not informing him of his right to appeal and for failing to file a direct appeal. Dkt. No. 32, Reply at 3; Mem. at 5-6. But the record reveals that petitioner signed a written waiver of his right to appeal, and petitioner told the trial court that counsel explained the waiver to him and he understood its ramifications. Dkt. No. 24 at SR 8. Even assuming counsel's failure to file a direct appeal constitutes an extraordinary circumstance, petitioner offers no explanation for how counsel's failure to file a direct appeal

8

"caused him to miss the original filing deadline." *Harper*, 648 F.3d at 137.

Bidinost also appears to argue that he was acting pro se, and had to learn "all the different avenues for relief, after painstakingly studying and researching" the law at the law library at his facility. Dkt. No. 32, Mem. at 6. But equitable tolling is not permitted "whenever a petitioner must face the daunting procedural obstacles to obtaining habeas review without the assistance of counsel." *Jenkins v. Greene,* 630 F.3d 298, 305 (2d Cir. 2010); *see Smith,* 208 F.3d at 18 (a petitioner's pro se status does not establish sufficient ground for equitable tolling); *Adkins v. Warden*, 585 F. Supp. 2d 286, 297 (D. Conn. 2008) ("Most courts also recognize that lack of knowledge and education about the law and one's legal rights is not an extraordinary circumstance because tolling for this common obstacle that most petitioners face would undermine the legislative decision to impose a one-year limitations period."), *aff'd*. 354 F. App'x. 564 (2d Cir. 2009), *cert. denied* 562 U.S. 953 (2010); *Ayala v. Miller*, No. 1:03-CV-3289, 2004 WL 2126966 at *2 (E.D.N.Y. Sept. 24, 2004) ("Neither a prisoner's pro se status, nor his lack of expertise, provides a basis for equitable tolling of AEDPA's statute of limitations."). Similarly, the "fact that it took [petitioner] some time to research the law is not an extraordinary circumstance that would justify equitable tolling." *Phillips v. LaValley,* No. 1:10-CV-0997, 2012 WL 443856 at *13 (W.D.N.Y. Feb. 10, 2012) (quoting *Prescod v. Brown*, No. 1:10-CV-2395, 2011 WL 182063 at *5 (S.D.N.Y. Jan. 20, 2011), *adopted* 2011 WL 497855 (S.D.N.Y. Feb. 10, 2011)).

In sum, Bidinost has not shown that he experienced extraordinary circumstances, or that those that those circumstances caused him to miss the original filing deadline. *Harper*, 648 F.3d at 136-37. Petitioner also failed to show that he was pursuing his rights diligently

9

during the entire time he seeks to toll. He could have "started his preparation earlier and filed an unpolished petition within the allotted time, rather than wait[ing] to file until after the deadline had expired." *Belot*, 490 F.3d at 207. Accordingly, petitioner is not entitled to equitable tolling. *See Belot,* 490 F.3d at 207-08 (district court did not abuse its discretion when it dismissed a habeas petition as untimely where the petitioner filed a two-day-late petition, and denied equitable tolling of habeas limitations period, on grounds that the petitioner should have begun his preparation earlier and filed an unpolished, but timely, petition, rather than waiting until his law library access was restored following prison lockdown to enable him to file a more polished, but untimely, petition).

### 3. **Actual Innocence**

Finally, courts have also recognized an equitable exception to the one-year statute of limitations under 28 U.S.C. §2244(d)(1) in cases where a petitioner can prove actual innocence. *McQuiggin v. Perkins*, __ U.S. __, 133 S. Ct. 1924, 1928, 1931 (2013); *Rivas*, 687 F.3d at 551-52. The Supreme Court has cautioned, however, that "tenable actual-innocence gateway pleas are rare[.]" *McQuiggin*, 133 S. Ct. at 1928.

To be successful, petitioners asserting innocence as a gateway to federal habeas review when the statute of limitations has expired must defaulted claims must establish that, "in light of new evidence, no juror acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* at 1928 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)); *see House v. Bell*, 547 U.S. 518, 536-37 (2006) (petitioners "asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable

10

doubt.'") (quoting *Schlup,* 513 U.S. at 327).

In other words, the petitioner must support an actual innocence claim "with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Doe v. Menefee*, 391 F.3d 147, 161 (2d Cir. 2004) (quoting *Schlup*, 513 U.S. at 324). This standard "is demanding and permits review only in the 'extraordinary' case." *House*, 547 U.S. at 538 (quoting *Schlup*, 513 U.S. at 327) (further citations omitted).

Here, Bidinost makes no claim of actual innocence in his amended petition, reply or accompanying memorandum of law, and has not identified any new, credible evidence of actual innocence. In fact, he does not contest the validity of his convictions at all, focusing instead on the alleged invalidity of the sentence imposed. *See* Am. Pet.; Reply; Mem. Therefore, there is no credible claim of actual innocence which would warrant considering this otherwise time-barred petition. *McQuiggin*, 133 S. Ct. at 1928, 1931.

## IV. CONCLUSION

Therefore, it is

ORDERED that

1. The amended petition, Dkt. No. 16, is **DISMISSED AS UNTIMELY**;[6]

---

[6] Even if the petition were timely, no federal habeas relief would issue. Petitioner's sentencing claims are not cognizable because the sentence imposed was within the range prescribed by state law, and his claim is based purely on state law. Am. Pet. at 4-5; *Lockyer v. Andrade*, 538 U.S. 63, 72-73 (2003); *see Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("It is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); *Saracina v. Artus*, 452 F. App'x. 44, 46 (2d Cir. 2010) ("Whether a New York court erred in applying a New York recidivist sentencing enhancement statute is a question of New York State law, not a question of fact. And it is well-established that '[i]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.'") (quoting *Estelle*, 502 U.S. at 67-68); Therefore, the sentencing court's decision that petitioner was properly adjudicated as a predicate violent felon was not contrary to, nor an unreasonable application of, clearly established federal law. 28 U.S.C. § 2254(d)(1).

11

2. No Certificate of Appealability ("COA") shall issue because Bidinost failed to make a "substantial showing of the denial of a constitutional right" as 28 U.S.C. § 2253(c)(2) requires;[7] and

3. The Clerk of the Court is directed to serve copies of this Decision and Order upon the parties in accordance with the Local Rules.

IT IS SO ORDERED.

_____
United States District Judge

Dated: October 7, 2015
       Utica, New York.

---

[7] *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); see *Richardson v. Greene*, 497 F.3d 212, 217 (2d Cir. 2007) (holding that, if the court denies a habeas petition on procedural grounds, "the certificate of appealability must show that jurists of reason would find debatable two issues: (1) that the district court was correct in its procedural ruling, and (2) that the applicant has established a valid constitutional violation" (citation omitted)).